IN THE MATTER OF JOHN J. LEMKEN,
AN ATTORNEY AT LAW.

Argued November 1, 1977—Decided December 2, 1977.

*Mr. Martin J. Brenner* argued the cause for the Hudson County Ethics Committee.

*Mr. Sheldon A. Weiss* argued the cause for respondent.

PER CURIAM. This disciplinary proceeding against respondent, a member of the bar of this State, follows his criminal conviction of (1) conspiring with his codefendant to obtain money by false pretenses and (2) aiding and abetting his codefendant in obtaining money by false pretenses. The charges grew out of respondent's role during the years

1969 and 1970 in having the administrator of the Estate of Emile Klein pay some $1,560 for funeral and burial services which were never provided. The factual details are fully set forth in the Appellate Division opinion which affirmed respondent's conviction. *State v. Lemken,* 136 *N. J. Super.* 310 (1974). This Court, after granting certification, affirmed the Appellate Division judgment. 68 *N. J.* 348 (1975).

As a result of his conviction, disciplinary proceedings were commenced against respondent before the Hudson County Ethics Committee (hereinafter Committee). On November 18, 1975, an order, consented to by respondent, was entered by this Court suspending him from the practice of law pending the outcome of such proceedings. Following affirmance of the conviction, the Committee held a formal hearing in the matter. Respondent appeared with counsel and presented evidence of his good character and reputation and his many years of public service and *pro bono publico* activities.

The Committee then filed its Presentment with this Court. It found that respondent's conduct, which formed the basis of his criminal conviction, was in violation of DR 1–102(A) (3), (4) and (6).[1] However, it recommended that respondent not suffer the penalty of disbarment in view of his previously unblemished record as a public official and attorney at law.

Final action on the Presentment was withheld by this Court pending consideration by the Committee of additional criminal matters allegedly involving respondent. We are now advised by the Committee that as to these additional matters, "no unethical conduct was committed by the Respondent, or that no unethical conduct could be proven."

---

[1]The Disciplinary Rules of the Code of Professional Responsibility were not adopted in this State until 1971. However, Canons 29 and 32 of the Canons of Professional Ethics, in force at the time of respondent's criminal involvement, established basically the same standards of professional conduct as are contained in DR 1–102(A) (3), (4) and (6).

The sole question is the extent of the discipline to be imposed. Respondent has been convicted of serious criminal conduct which reflected a lack of integrity in the practice of law and a failure to uphold the honor of the profession. Despite his impressive record as a public official and practicing attorney we cannot overlook the transgressions of which he has been found guilty. Respondent is to stand suspended from the practice of law for a period of three years and until the further order of this Court, the suspension to run from November 18, 1975, the date of his temporary suspension. So ordered.

*For suspension for three years*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*Opposed*—None.

ORDER

It is ORDERED that JOHN J. LEMKEN of Jersey City be suspended from the practice of law for three years and until further order of the Court, effective November 18, 1975; and it is further

ORDERED that JOHN J. LEMKEN be and hereby is restrained and enjoined from practicing law during the period of his suspension.